**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | | |
|---|---|---|
| CREATIVE FURNITURE GALLERIES C 491 46 WEST FAIRFIELD | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. _____ |
| v. | : : | |
| HARTFORD UNDERWRITERS INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Hartford Underwriters Insurance Company ("Hartford"), hereby removes to the United States District Court for the District of New Jersey the case captioned *Creative Furniture Galleries C 491 46 West Fairfield v. Hartford Underwriters Insurance Company* currently pending in the Superior Court of New Jersey, Essex County – Law Division, Docket No. ESX-L-005354-24, and as grounds for removal states as follows:

1. On or about August 5, 2024, Plaintiff, Creative Furniture Galleries C 491 46 West Fairfield ("Plaintiff") instituted suit by filing a Complaint against Hartford in the Superior Court of New Jersey, Essex County – Law Division, Docket No. ESX-L-005354-24. A copy of the Complaint is attached as **Exhibit 1**.

2. The case concerns a first-party insurance coverage dispute over alleged damage to Plaintiff's property located at 491 US-46, Fairfield, New Jersey 07004. *See id.*

3. In the Complaint, Plaintiff alleged that "On or about January 9, 2024 . . . Plaintiff suffered direct physical loss to the insured Property during a wind and rainstorm resulting in damage to the insured Property and those area and to the extent set forth in the preliminary estimate of loss, a true and correct copy of which is attached hereto as **Exhibit B**." *Id.* ¶ 3.

4. The estimate of loss attached to the Complaint was prepared by Metro Public Adjustment, Inc. and indicated that Plaintiff's Net Claim is $64,518.28. *Id.* Ex. B., at 20.

5. On August 14, 2024, Hartford was served with the Summons and Complaint in this action.

6. On September 10, 2024, Hartford filed its Answer with Affirmative Defenses. A copy of the Answer is attached as **Exhibit 2**.

7. On September 11, 2024, Hartford served Plaintiff with Interrogatories and Requests for Production of Documents. A copy of Hartford's discovery requests is attached as **Exhibit 3.**

8. On January 20, 2025, Plaintiff responded to Hartford's discovery requests. A copy of Plaintiff's discovery responses is attached as **Exhibit 4**.

9. Interrogatory No. 14 asked Plaintiff to "Set forth in detail all damages [Plaintiff is] seeking in this action and all evidence supporting same," and Plaintiff responded, "See attached documents." *See* Exs. 3-4.

10. Interrogatory No. 15 asked Plaintiff to "Identify and describe all damage to the Subject Property . . . to include an itemized list of all personal property contents you claim were damaged or destroyed . . . .," to which Plaintiff responded "See attached

estimate of Metro Public Adjustment. Plaintiff is in the process of preparing a contents list which will be provided upon receipt." *See id.*

11. And Interrogatory No. 19 asked Plaintiff to "identify all damage from the incident that has not been repaired and the estimated cost of the remaining repairs," to which Plaintiff responded "See attached Metro estimate." *See id.*

12. On August 23, 2025, Plaintiff produced for the first time invoices allegedly reflecting furniture that was damaged, amounting to $158,340, *see* **Exhibit 5**, meaning that Hartford learned for the first time that the total amount in controversy was more than $222,000, despite requesting information on same more than a year earlier, and despite Plaintiff only providing evidence that the amount in controversy was based on the estimate of loss attached to the Complaint from Metro Public Adjustment, Inc. for $64,518.28.

13. Worse, the invoices provided by Plaintiff are dated November 27, 2023 and December 15, 2023, meaning that Plaintiff was in possession of the invoices and knew the true amount in controversy (a) when the Complaint was filed on August 5, 2024, and (b) when Plaintiff responded to Hartford's discovery requests on January 20, 2025, despite Plaintiff stating that it "is in the process of preparing a contents list which will be provided upon receipt." *See* Exs. 3-5.

14. The basis for federal court jurisdiction is 28 U.S.C. § 1332(a), diversity of citizenship, which provides, in relevant part, that federal district courts have original jurisdiction between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.

15. 28 U.S.C. § 1441(a) provides that: "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The District Court of New Jersey embraces Essex County.

16. Pursuant to 28 U.S.C. § 1446(b)(3), "Except as provided in subsection (c), the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

17. 28 U.S.C. § 1446(c)(1) provides "A Case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

18. Additionally, 28 U.S.C. § 1446(c)(3)(A) provides that "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

19. Further, pursuant to 28 U.S.C. § 1446(c)(3)(B), "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."

20. Upon information and belief, Plaintiff is domiciled and maintains a principal place of business at 491 US-46, Fairfield, NJ 07004 and is a citizen of New Jersey. *See* Ex. 1.

21. Hartford is a Connecticut corporation with its principal place of business at One Hartford Plaza Hartford, CT 06105. Hartford is therefore a citizen of the state of Connecticut. *See* 28 U.S.C. § 1332(c)(1).

22. Accordingly, the Parties are citizens of different states.

23. In this case, Plaintiff is seeking damages of at least $222,000, *see* Exs. 1 and 5, which is in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332(a).

24. Hartford only learned of the true amount in controversy on August 23, 2025 because Plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal.

25. Pursuant to the requirements of 28 U.S.C. §1446(a), Hartford has attached a copy of all process, pleadings and orders served on it.

26. Pursuant to the requirements of 28 U.S.C. §1446(d), Hartford shall provide a copy of the Notice of Removal to Plaintiff and will file a certified copy of this Notice with the Clerk of Courts of the Superior Court of New Jersey, Essex County – Law Division.

27. Removal of Plaintiff's case to the United States District Court for the District of New Jersey is permitted under the circumstances of this case because all parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs; and because Plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal.

6

WHEREFORE, Defendant, Hartford Underwriters Insurance Company, requests that this action be removed to the United States District Court for the District of New Jersey.

                                        BUTLER WEIHMULLER KATZ CRAIG LLP

                                        /s/ Adam B. Masef
                                        MICHAEL S. SAVETT, ESQ.
                                        msavett@butler.legal
                                        ADAM B. MASEF, ESQ.
                                        amasef@butler.legal
                                        1818 Market Street, Suite 2740
                                        Philadelphia, PA  19103
                                        Telephone:  (215) 405-9191
                                        Facsimile:   (215) 405-9190
                                        *Attorneys for Defendant Hartford Underwriters*
Dated: September 2, 2025      *Insurance Company*

## **CERTIFICATE OF SERVICE**

I, Adam B. Masef, hereby certify that a true and correct copy of the foregoing Notice of Removal, electronically filed on this 2nd day of September, 2025, will be served on the following counsel of record via the Court's Electronic Filing system:

Michael Casper, Esq.
Wheeler, DiUlio & Barnabei, P.C.
1650 Arch Street, Suite 2200
Philadelphia, PA 19103
mcasper@wdblegal.com

*Attorneys for Plantiff*


/s/ Adam B. Masef
ADAM B. MASEF, ESQ.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | | |
|---|---|---|
| CREATIVE FURNITURE GALLERIES C<br>491 46 WEST FAIRFIELD | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____ |
| v. | : | |
| HARTFORD UNDERWRITERS<br>INSURANCE COMPANY, | : | |
| Defendant. | : | |

## **PROOF OF FILING**

I, Adam B. Masef, hereby certify that a copy of the foregoing Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Essex County, immediately upon receipt of the Electronic Court Filing notice from the United States District Court for the District of New Jersey.

                              BUTLER WEIHMULLER KATZ CRAIG LLP

                              /s/ Adam B. Masef
                              MICHAEL S. SAVETT, ESQ.
                              msavett@butler.legal
                              ADAM B. MASEF, ESQ.
                              amasef@butler.legal
                              1818 Market Street, Suite 2740
                              Philadelphia, PA  19103
                              Telephone:  (215) 405-9191
                              Facsimile:   (215) 405-9190
                              *Attorneys for Defendant Hartford Underwriters*
Dated: September 2, 2025      *Insurance Company*